## MORRIS RANGER ET AL. v. T. M. HARWOOD.

1. When the testimony of the plaintiff or defendant, when considered separately, will warrant a verdict in favor of that party in whose favor that testimony was given, this court will rarely disturb a verdict upon the facts of the case.
2. An agent cannot withdraw goods from a prescribed route of transportation, and retain charges thereon additional to the charges which would properly have been made upon the route prescribed by the contract by which he received the goods for shipment.

APPEAL from Galveston. Tried below before the Hon. George C. Mann.

*Ballinger, Jack & Mott*, and *Hancock & West*, for appellants.

*A. M. Jackson*, for appellee.

The briefs for both parties are of great ability, and discuss matters not noticed in the opinion. They are therefore omitted.

OGDEN, P. J.—This cause has been twice tried by a jury with the same result. On each trial the jury, under the facts and the charge of the court, rendered a verdict for the plaintiff for about the full amount claimed. The testimony appears in some respects to be conflicting, and it was the peculiar province of the jury, if possible, to reconcile that portion of the evidence which was reconcilable, and if any portion of the evidence was directly contradictory, it was the duty of the jury to give credit to that testimony which bore upon its face the more visible mark of consistency and credibility, and from the whole mass of evidence, direct and circumstantial, to gather the true facts of the case. And when, as in this case, the testimony of the plaintiff or defendant, when considered separately, would seem to warrant a verdict for the party in whose favor that portion of the testimony was given, this court has rarely disturbed a verdict upon the facts of the cause. The jury have determined the facts in this case and applied them to the law as given them by the court, and we must presume, unless the contrary appear, that they have done so honestly, intelligibly and truthfully. We therefore do not feel called upon to review the facts of this case further than may be necessary in order to determine the correctness of the charge of the court, as applied to the facts proven.

It may not be improper here to remark that counsel for both appellant and appellee, in their able and elaborate briefs, have mainly discussed the facts of the cause, in order to show that the court did or did not err in the charges given or the refusal to give those asked. The facts as alleged in appellee's petition below, so far as it is

deemed necessary to state them here, are substantially as follows:

In February, 1867, Harwood delivered to Laird & Co., at Gonzales, as agents for Ranger & Co., cotton factors and commission merchants, twenty bales of cotton, and instructed them to ship said cotton direct to New York through Lavaca, to be sold at once on its arrival at that port, and which said Laird & Co., as agents aforesaid, undertook and agreed to do, and when sold to pay over to him the net proceeds of sale, after deducting the legitimate and customary charges of freight, etc. But that Ranger & Co., in violation of their obligation and agreement, caused said cotton to be shipped to Galveston and from thence to New York, by reason of which they made sundry items of charges, amounting to $336.63, which were illegal and unjust, and contrary to the agreement between the parties, and that said Ranger & Co. had illegally retained in their hands the aforesaid sum out of the net proceeds of the sale of said cotton, and he prayed for judgment for that amount and interest.

We think the petition set forth a good cause of action, and, if true, the plaintiff was certainly entitled to recover. The court instructed the jury, in effect, that if the defendants received the cotton under definite and particular instructions in regard to the route of shipment, and agreed to be governed by those instructions, then they had no legal right to violate the same; and if they had done so, they were not entitled to any extra or additional expenses incurred by the violation of that instruction and agreement. But if the defendants received the cotton for shipment without any specific instruction, then they had a right to use their discretion for the best interest of the plaintiff, and in doing so they had a right to a compensation for all necessary or customary expenses, labor or charges.

We think these instructions are sound law and applicable to the case before us. It is one of the first rules of the law of agency that the agent is bound faithfully to adhere to instructions, and if he violates them he can claim no benefit arising therefrom. If an agent violates instructions he is liable for all damages which may result from the violation; and even if a benefit arises, that inures to the principal and not the agent. It is possible that circumstances may arise in the execution of an agency—such as the breaking out of a war, or the happening of some unforeseen event which would render the execution of instructions hazardous, impracticable or illegal—which will excuse an agent from strictly following out known and definite instructions. But we know of no law which would authorize an agent, under ordinary circumstances, to withdraw goods from a prescribed route of transportation for the benefit of the agent or for the purpose of giving the agent an opportunity of rehandling and adding charges to it. And it is no justification for the violation of express instructions that the principal has not been damaged, or even that he has been benefitted. We therefore think that the instructions asked by the appellant were correctly refused. But we think that appellants failed to prove that appellee had been benefitted, or even had not been damaged by the shipment of the cotton *via* Galveston, instead of direct to New York. According to the testimony of Hensley, it is possible that if the cotton had been shipped direct to New York it would have reached the latter port a month before it did; and, if so, then, according to appellant's own testimony, it would have brought a much larger sum than it did.

These facts were probably all considered by the jury, and, from their verdict, we must conclude that they believed, from the evidence, that appellees received the cot-

ton with definite instructions to ship direct to New York from Lavaca, and that these instructions were violated without any legal cause or necessity; and further, that by the violation of the instructions, extra or additional expenses had been incurred to the amount of the judgment, less the interest. If these facts were true, then the instructions of the court were legitimate and proper, and the only instructions which were required to be given. Some of the instructions asked by plaintiff and defendant below are unquestionably sound principles of law, and might have been given without prejudice to the rights of parties, but we do not consider that they or either of them were necessary, after the instructions given.

This judgment comes to us sanctioned by the verdict of two juries, and we see no just ground of complaint of the law as given in the charge of the court. We must therefore conclude that substantial justice has been attained by the judgment, and it is affirmed.

AFFIRMED.